■ In the Matter of LEONARD G., Petitioner, v GARY WEBER et al., Respondents. [625 NYS2d 300] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to review a determination of the County Court, Suffolk County (Weber, J.), dated January 27, 1995, which denied, without a hearing, the petitioner's application for furlough privileges.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner has failed to demonstrate a clear legal right to the relief sought. The clear language of CPL 330.20 (10) indicates that the petitioner was not entitled to a hearing before his application for a furlough order was denied by the court. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.