■ In the Matter of EDWARD JONES, Petitioner, v JOSEPH G. GOLIA, as a Justice of the Supreme Court, Queens County, et al., Respondents. [657 NYS2d 944] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to prohibit the respondents from proceeding in the matter

entitled People v Jones, pending in the Supreme Court, Queens County, under Indictment No. 886/95, and to dismiss that indictment, and application for poor person relief.

Motion by the respondents to dismiss the proceeding.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the application for poor person relief is granted; and it is further,

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *see, Matter of Rush v Mordue*, 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman*, 53 NY2d 12, 16).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.