■ In the Matter of DAVID GEORGE, Also Known as ROY GREEN, Petitioner, v NORMAN J. GEORGE, as Justice of the Supreme Court of the State of New York, et al., Respondents. [657 NYS2d 988] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to compel the respondent Norman J. George, a Justice of the Supreme Court, Kings County, to dismiss Kings County Indictment No. 12329/95 and to prohibit the respondents from proceeding with the trial of that indictment, and application by the petitioner for leave to prosecute the proceeding as a poor person.

Upon the petition and papers filed in support of the proceeding and the application, and the papers filed in opposition thereto, it is

Ordered that the application for leave to prosecute this proceeding as a poor person is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.