■ In the Matter of JOHN CIMISI, Petitioner, v PEARLE APPELMAN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [668 NYS2d 495] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to compel the respondent Justices of the Supreme Court, or "any succeeding judicial officer of New York State Supreme Court" to (1) rule on the petitioner's "affirmative demurrer" barring further criminal proceedings against him, (2) rule that the petitioner may represent himself in criminal proceedings pending against him in the Supreme Court, Queens County, and (3) enforce an order of the Supreme Court,

Queens County, dated June 26, 1997, which directs the People to respond to the petitioner's bill of particulars.

Application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.

The petitioner's remaining contentions are without merit. Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.