◼ In the Matter of DAVID WILLIAMS, Petitioner, v BARBARA ZAMBELLI, as Judge of the County Court of the County of Westchester, et al., Respondents. [696 NYS2d 829] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to compel the respondent Barbara Zambelli, a Judge of the County Court, Westchester County, to vacate a judgment of the same court rendered December 22, 1998, convicting the petitioner of assault in the second degree, and cross application by the respondent Jeanine Pirro, District Attorney, Westchester County, to impose sanctions on the petitioner.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the cross application is denied.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Ritter, J. P., Altman, Krausman and Schmidt, JJ., concur.