◼ In the Matter of PETER M. CHALIF, Petitioner, v JUDGE(S) OF SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents. [726 NYS2d 280] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel the respondents to dismiss Queens County Indictment No. 1265/98, and application for leave to prosecute the proceeding as a poor person.

Motion by the respondent Robert J. Hanophy to dismiss the proceeding.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought. Goldstein, J. P., McGinity, Schmidt and Cozier, JJ., concur.

◼ In the Matter of VILAIR FONVIL, Petitioner, v RICHARD A. MOLEA, Respondent. [726 NYS2d 276] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the enforcement of an order of the Supreme Court, Rockland County, dated March 22, 2001.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner has failed to demonstrate a clear legal right to the relief sought. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.