■ In the Matter of LUIS VASQUEZ, Petitioner, v JOSEPH GROSSO et al., Respondents. [727 NYS2d 637] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia*, to compel the respondents to dismiss Queens County Indictment No. 2379/00 in the matter entitled *People v Vasquez,* pending in the Supreme Court, Queens County, and application for poor person relief.

Motion by the respondent Richard A. Brown to dismiss the proceeding.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8002 (b) is waived and the application is otherwise denied as academic; and it is further,

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner failed to demonstrate a clear legal right to the relief sought. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.