■ In the Matter of ROBERTSON SANTIAGO, Petitioner, v ROBERT McDONALD, as Justice of the Supreme Court of the State of New York, et al., Respondents. [744 NYS2d 857] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to compel the respondents to dismiss Queens County Indictment No. QN1167/2000 pending in the Supreme Court, Queens County, against the petitioner, and application for poor person relief.

Application by the respondent Richard A. Brown to dismiss the proceeding.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8002 (b) is waived and the application is otherwise denied as academic; and it is further,

Ordered that the application to dismiss the proceeding is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16).

The petitioner failed to demonstrate a clear legal right to the relief sought. Ritter, J.P., Altman, Smith and Goldstein, JJ., concur.