SECOND DEPARTMENT, APRIL, 2003

(April 3, 2003)

■ In the Matter of NATHAN C. POWELL, Petitioner, v DONALD DeRIGGI, as County Court Judge, Respondent. [756 NYS2d 876] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to compel the respondent, a Judge of the County Court, to recuse himself from a criminal action entitled *People v Powell,* pending in the County Court, Nassau County, under Indictment No. 0082N-02, to prohibit the respondent from conducting pretrial hearings and a trial in the criminal action, and to change the venue of the action from Nassau County to Queens County.

Ordered that the branch of the petition which is to change the venue of the action from Nassau County to Queens County is dismissed, as such relief is unavailable in a proceeding pursuant to CPLR article 78; and it is further,

Adjudged that the petition is otherwise denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Altman, J.P., Krausman, Goldstein and Rivera, JJ., concur.