■ In the Matter of MOHAMMED KARIMZADA, Petitioner, v JUSTICES OF SUPREME COURT, STATE OF NEW YORK, QUEENS COUNTY, et al., Respondents. [783 NYS2d 855]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the trial in the action entitled *People v Karimzada* pending the Supreme Court, Queens County, under indictment No. 807/03, and to dismiss the indictment as time-barred.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Florio, J.P., Krausman, Adams and Lifson, JJ., concur.