(August 21, 2008)

■ In the Matter of HILARY A. BEST, Petitioner, v QUEENS COUNTY SUPREME COURT, Respondent. [862 NYS2d 612]—Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Robert Kohm, a Justice of the Supreme Court, Queens County, from conducting a hearing pursuant to Correction Law article 6-C in the matter entitled *People v Best* pending in that court. Application by the petitioner to prosecute this proceeding as a poor person.

Ordered that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Mastro, J.P., Lifson, Carni and McCarthy, JJ., concur.