◼ In the Matter of GEORGE O. GULDI, Petitioner, v THOMAS J. SPOTA et al., Respondents. [886 NYS2d 40]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to compel the respondents to return certain attorney files seized on February 3, 2009 from the petitioner's law office and to prohibit "the use, dissemination, duplication of any and all material seized."

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available

only where there is a clear legal right, and then only when a court—in case where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.