■ In the Matter of HENRY HERRING, Petitioner, v MICHAEL ALOISE, Respondent. [911 NYS2d 656]—

Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Michael Aloise, a Justice of the Supreme Court, Queens County, in effect, to vacate an order of the Supreme Court, Queens County, denying the petitioner's motion pursuant to CPL 440.10 in an underlying criminal action entitled *People v Herring*, under Queens County indictment No. 1158/05, and in the nature of prohibition to prohibit the respondent from deciding the motion. Application by the petitioner to prosecute this proceeding as a poor person.

Ordered that the application to prosecute this proceeding as a

poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). In addition, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.