■ In the Matter of SAMUEL SCHWARZ et al., Petitioners, v KATHY J. KING et al., Respondents. [921 NYS2d 860]—

Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Kathy J. King, an Acting Justice of the Supreme Court, Kings County, inter alia, to hold an evidentiary hearing in a pending Mental Hygiene Law article 81 proceeding and direct the respondent Helene Schwarz to produce all discovery items sought by the petitioners at least 10 days before the hearing, and in the nature of prohibition, among other things, to prohibit the respondent Kathy J. King from admitting any medical or psychiatric evidence or testimony at the hearing absent an affirmative waiver of the patient/ physician privilege by the alleged incapacitated person.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). In addition, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Covello, Florio and Hall, JJ., concur.