OPINION OF THE COURT
Jones, J.
Relief under CPLR article 78 in the nature of mandamus does not lie to compel the removal by a superior court of *15 charges pending in a local criminal court in order to assure a defendant trial before a lawyer-trained Judge.
By informations lodged against him in the Town of Mamakating Justice Court in Sullivan County, one John Housman stands charged with disorderly conduct and resisting arrest. Neither charge has yet been prosecuted. Shortly after being arraigned on those charges, however, Housman’s assigned counsel, petitioner Legal Aid Society of Sullivan County, on his behalf moved before Louis B. Scheinman, a Judge of the County of Sullivan County, to have the charges against him prosecuted by indictment and to have the matter presented to the Grand Jury. That motion was based on CPL 170.25 (subd 1) which provides in part that “a superior court having jurisdiction to prosecute such misdemeanor charge by indictment may, upon [a] * * * showing good cause to believe that the interests of justice so require, order that such charge be prosecuted by indictment”. Housman contended that, because none of the Justices of the local criminal court in the Town of Mamakating were admitted to practice law, he had a constitutional right to have his case removed to a court which would afford him a trial presided over by a Judge who was a lawyer. When that application was denied, the Legal Aid Society in its own name instituted the present article 78 proceeding in the Appellate Division for a writ in the nature of mandamus to compel Judge Scheinman to grant the relief Housman had sought under CPL 170.25 (subd 1). The Appellate Division dismissed the petition. We now affirm.
At the threshold we note the questionable standing of the Legal Aid Society to institute the present proceeding. The only party directly affected is the client, whose interests may be said to be placed in jeopardy under the statutory provisions. The Legal Aid Society in effect seeks an advisory declaratory opinion on the basis of which it may formulate the advice to be given to its client. No authority is cited to warrant judicial entertainment of any such application. Inasmuch, however, as this issue is not raised by respondent we are hesitant to predicate a disposition of the present appeal on this ground. It is assumed, therefore, without deciding, that the present proceeding is not *16 to be dismissed for lack of standing on the part of the Legal Aid Society.
We turn then to the question of the availability of article 78 relief in the present circumstances. Mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief" sought.[1] That is not the case in this instance. Additionally, to hold, as would the dissenter, that mandamus would lie in the present case would be to project the court into the very practice all courts seeks assiduously to avoid — the making of pronouncements with respect to constitutional issues whose resolution is not necessary to the disposition of the case before the court. The circumstance that we honor this jurisprudential principle warrants no inference, of course, as to how we would resolve the constitutional issue if it were to be addressed.
More significant and controlling is the fact that mandamus like prohibition is an extraordinary remedy, and we have consistently held that such remedies do not lie for interlocutory relief which operates to disrupt the normal progress of a pending criminal action. It is well settled that mandamus is not available to remedy or prevent trial errors. Sound principles of judicial administration require that their correction be left to the normal avenues of appellate review.
The denial of article 78 relief here is mandated by our decision in Matter of State of New York v King (36 NY2d 59, 62-65) in which then Chief Judge Breitel wrote for a unanimous court:
“The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable, by way of immediate appeal or by appeal after the final judgment of conviction or acquittal, whichever may eventuate.
* * *
*17 “Were allowance of this kind of proceeding to become a precedent, one would have to anticipate innumerable proceedings in all sorts of criminal matters to review allegedly prejudicial errors of law for which there would be no eventual appellate review or only appellate review after final judgments, and then only of conviction. No trial can be conducted while appellate courts by their own protracted proceedings review the alleged errors which may arise preliminary to the trial, during the trial, and before verdict and judgment. Such a system is neither civilized nor even rational. And most certainly it would make speedy trial a legal impossibility.
* * *
“Were the court to conclude otherwise than to reject this unsound and novel extension of the extraordinary ancient remedies of prohibition and mandamus, it might be a credit to man’s ingenuity but a disabling discredit to the jurisprudence.”
In King, of course, we confronted an issue as to which it was recognized that the People could never seek judicial review by way of appeal; nonetheless relief under article 78 was denied. By contrast, in the present case, Housman can obtain full judicial review of his claim (that he was deprived of his constitutional rights when the County Judge rejected his application for removal) on direct appeal from any judgment of conviction against him. Where that alternative is present, to encumber criminal proceedings with collateral, interlocutory actions, disruptive of the normal progress of pending charges, is impermissible.[2]
Accordingly, for the reasons stated, the judgment of the Appellate Division dismissing the petition should be affirmed, without costs.

. The relief in the nature of mandamus here sought, a derivative of the common-law writ, is discrete from the more recently developed remedy of mandamus, also available under CPLR article 78, to review official administrative determinations involving the exercise of discretion for which no hearing conforming to due process requirements need be had (8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.04).

. The inappropriateness of an article 78 proceeding is further illustrated by the facts of this case. Housman was arrested and charged with the relatively minor offenses of resisting arrest (a class A misdemeanor) and disorderly conduct (a violation) on October 2, 1979. His removal motion pursuant to GPL 170.25 (subd 1) was denied on November 19, 1979. In December, 1979 this proceeding was commenced at the Appellate Division, which rendered its decision April 15, 1980. During all this time the trial proceedings have remained in abeyance; many months have been needlessly exhausted in pursuance of article 78 relief.