■ In the Matter of BRIAN HULTEN, Petitioner, v DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [627 NYS2d 932] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Social Services dated September 23, 1994, which, after a hearing, denied the petitioner's application to expunge a report maintained by the New York State Central Register of Child Abuse and Maltreatment, dated April 10, 1992, that he had maltreated his minor son.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, and the report of maltreatment is expunged.

The determination denying the petitioner's application to expunge a report that he had maltreated his minor son is not supported by substantial evidence (see, CPLR 7803 [4]). Under the circumstances of this case the bruises on the child's arm do not indicate that the child was "maltreated" pursuant to Social Services Law § 412 (2) (a). Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.

■ In the Matter of LOUIS JENKINS, Petitioner, v SHELDON GREENBERG et al., Respondents. [627 NYS2d 934] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent Sheldon Greenberg to hold a hearing in connection with the petitioner's motion pursuant to CPL article 440 to vacate a judgment of the Supreme Court, Kings County, rendered February 20, 1990.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see, Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). The petitioner here has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Rosenblatt, Pizzuto and Krausman, JJ., concur.