■ In the Matter of DAVID LOU, Petitioner, v STANLEY KATZ, Respondent. [632 NYS2d 218] —Proceeding pursuant to CPLR article 78 (1) to prohibit the respondent, a Justice of the Supreme Court, Queens County, from directing Joel A. Brenner either to represent the petitioner or to obtain counsel for him in connection with a motion to resettle the record in People v Lou, Queens County Indictment No. 894/91 and (2) to direct the respondent to assign counsel for the petitioner in connection with the motion.

Motion by the respondent to dismiss the proceeding.

Upon the petition, the papers filed in support of the petition, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). The petitioner has failed to demonstrate that the respondent acted in excess of his authorized powers when he found that, pursuant to the terms of the retainer agreement between the petitioner and his appellate counsel, Joel A. Brenner, Brenner is obligated to represent the petitioner at a resettlement hearing.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the assignment of counsel to represent him at the resettlement hearing. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.