■ In the Matter of STEVEN GOLD et al., Respondents, v MANNY GOLD, Appellant. [645 NYS2d 328] —In a proceeding, *inter alia,* to stay arbitration, Manny Gold appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings. County (Held, J.), dated May 16, 1995, as granted that branch of the petition which was to stay arbitration with regard to the dissolution of the parties' corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant has available to him a buy-out procedure which would provide him with a fair return on his investment. Therefore, dissolution would not be an appropriate remedy in this case *(see, Matter of Brach,* 135 AD2d 711; *Matter of Harris,* 118 AD2d 646). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.

■ In the Matter of TONY HARPER, Petitioner, v DANIEL D. ANGIOLILLO, as Judge of County Court of County of Westchester, et al., Respondents. [646 NYS2d 276] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel Daniel D. Angiolillo, Judge of the County Court, Westchester County, to vacate his order dated October 24, 1995, which denied the petitioner's motion pursuant to CPL 160.50 (1) (d) to unseal the records of a criminal proceeding entitled *People v Harper,* and to order those records unsealed, and to order the Westchester County District Attorney's office to turn over the Grand Jury minutes in connection with the petitioner's Federal civil rights action, *inter alia,* to recover damages for false arrest.

Motions by the respondents to dismiss the proceeding.

Ordered that the motions are granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.