■ In the Matter of RICHARD S. LEVITOV et al., Petitioners, v JAMES R. COWHEY et al., Respondents. [705 NYS2d 375] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to compel the respondent Eliot L. Spitzer, Attorney General of the State of New York, to deliver to the petitioners defense exhibits in the possession of certain members of his office which were filed in connection with a prior criminal action entitled *People v Monroe Parker,* tried in the Supreme Court, Westchester County, under Indictment No. 98-1360, and to prohibit the respondent James R. Cowhey from requiring the petitioners to proceed to trial in a criminal action in which they are defendants without having received the subject exhibits.

Adjudged that the petition is granted to the extent that Eliot L. Spitzer is directed to deliver the subject defense exhibits to the petitioners forthwith, and the petition is otherwise denied, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioners have demonstrated their clear legal right to obtain the defense exhibits which were sealed pursuant to CPL 160.50 at the conclusion of a criminal action entitled *People v Monroe Parker.*

One of the petitioners in this proceeding was a defendant in the prior criminal action and therefore was entitled to obtain the subject exhibits under CPL 160.50 (1) (d). Moreover, since all of the defendants acquitted in the prior criminal action subsequently provided a designation pursuant to CPL 160.50 (1) (d) requesting that the sealed exhibits be provided to the attorneys for the petitioners, the Supreme Court did not have the discretion to deny the petitioners' application.

Furthermore, the exhibits in question were not subject to seal pursuant to CPL 160.50, and they should not remain in the possession of the Attorney General. The Attorney General's argument that the exhibits belong to him because the defendants introduced the exhibits during the cross-examination of the People's witnesses in the prior criminal action is without merit.

The petitioners' remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.