■ In the Matter of ALFREDO ALVEAR, Also Known as MANUEL MARTILLO, Petitioner, v ROBERTA DUNLOP et al., Respondents. [726 NYS2d 272] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to prohibit the respondents from proceeding on the indictment or to compel them to dismiss Queens County Indictment No. 3555/97, and application for leave to prosecute the proceeding as a poor person.

Motion by the respondent Richard A. Brown to dismiss the proceeding.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.