■ In the Matter of JAMES WALKER, Petitioner, v JOSEPH GROSSO et al., Respondents. [754 NYS2d 904] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to compel the respondent Joseph Grosso, a Justice of the Supreme Court, Queens County, to dismiss Queens County Indictment No. 177/02 in the action entitled *People v Walker,* pending in that court, and an application for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16).

The petitioner failed to demonstrate a clear legal right to the relief sought. Prudenti, P.J., Florio, Adams and Crane, JJ., concur.