■ In the Matter of DAVID HOLMES, Petitioner, v JOEL L. BLUMENFELD, as Justice of the Supreme Court of the State of New York, et al., Respondents. [830 NYS2d 677]—Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent Joel L. Blumenfeld, a Justice of the Supreme Court, Queens County, to vacate the defendant's sentence in an action entitled *People v Holmes,* under Queens County indictment No. 2144/77, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.

■ In the Matter of the Estate of FAYE MANCUSO, Deceased. MICHAEL PIZZI, Appellant; SEBASTIAN ROBERT GRASSI et al., Respondents. [830 NYS2d 666]—In a contested probate proceeding, the proponent Michael Pizzi appeals from a decree of the Surrogate's Court, Kings County (Tomei, S.), dated March 1, 2006, which, upon a jury verdict finding that the decedent lacked testamentary capacity at the time of execution of the will and that the will was procured by undue influence, denied probate of the will.

Ordered that the decree is affirmed, with costs.

The jury's finding that the decedent's will was procured by undue influence was supported by legally sufficient evidence and was not against the weight of the evidence.

The proponent's remaining contentions are without merit, do not require reversal, or need not be reached in light of our determination on the issue of undue influence. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.