■ In the Matter of EVERETTE WEAVER, Petitioner, v DAVID B. VAUGHAN, Respondent. [897 NYS2d 646]—Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, a Justice of the Supreme Court, Kings County, to determine the petitioner's motion in an underlying action entitled Better Homes Depot, Inc. v Whyte, pending in the Supreme Court, Kings County, under index No. 025309/05 to vacate an order staying evictions at certain premises in Brooklyn.

Upon the papers filed in support of the petition and the papers filed in opposition thereto, it is,

Ordered that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]). This proceeding for a writ of mandamus to compel

Justice Vaughan to determine the petitioner's motion in an underlying action on the ground that 60 days has elapsed after the motion was submitted for decision (*see* CPLR 2219) is premature, as the motion is not returnable until April 7, 2010 (*see Matter of Goldman v Seidell*, 234 AD2d 547 [1996]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.