■ In the Matter of LARAINE BAUGHER STUEK et al., Appellants, v JEFFREY KEITH BAUGHER, Respondent. [900 NYS2d 334]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Jeffrey Keith Baugher, president and secretary of W.S. Wilson Corporation, to call a special meeting of the board of directors of W.S. Wilson Corporation, and to disclose certain financial and operational information to the board of directors, the petitioners appeal from so much of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered November 10, 2008, as, in effect, denied that branch of the petition which was to compel the re-

spondent to call a special meeting of the board of directors, and dismissed that portion of the proceeding.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was in the nature of mandamus to compel the respondent Jeffrey Keith Baugher, president and secretary of W.S. Wilson Corporation, to call a special meeting of the board of directors of W.S. Wilson Corporation is granted.

The petitioners, Laraine Baugher Stuek and Lisa Baugher Eppley, commenced this proceeding to compel the respondent, Jeffrey Keith Baugher, president and secretary of W.S. Wilson Corporation (hereinafter the corporation), among other things, to call a special meeting of the corporation's board of directors. The corporation's bylaws provide, among other things, that "special meetings [of the board of directors] shall be called by the president or by the chair of the board or by the secretary . . . on written request of two directors." Although the bylaws state that the number of directors serving on the board "shall be not less than three nor more than fifteen," the amended certificate of incorporation, executed in December 1918, provides that the number of directors "shall be . . . three." The petitioners alleged, among other things, that the corporation is wholly owned by a trust and, at an annual meeting of the trustees in June of 2006, they were elected, along with six other individuals, to serve on the board of directors for the calender year 2007. They further alleged that, as members of the board, they made several written requests to the respondent in 2007 and 2008 to call a special meeting of the board.

The respondent refused to call such a meeting and argued that the board election conducted at the annual meeting of trustees in June of 2006 was invalid because the number of directors elected at the meeting exceeded the number permitted under the certificate of incorporation, and because the persons acting as trustees at the meeting, himself included, had not been properly appointed by the Surrogate's Court to serve as trustees to the trust.

The Supreme Court denied that branch of the petition which was to compel the respondent to call a special meeting of the board of directors, finding that, since the trust that owned the corporation did not have any properly appointed trustees, the petitioners had been elected to serve on the board under a misapprehension and thus had no authority under the bylaws to request a special meeting of the board. Contrary to the determination by the Supreme Court, the petitioners had a "clear legal right" to relief in the nature of a writ of mandamus, compelling

the respondent to call for a special meeting of the board of directors (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

While the bylaws of a corporation generally give way to the paramount authority of its certificate of incorporation, an election of an excessive number of directors is only an irregularity, which is voidable at the discretion of the court (*see Matter of Hellenic Cultural Circle v Kotsilimbas*, 35 NY2d 814 [1974]). Here, the corporation's bylaws state that "[e]ach director shall hold office until the expiration of the term for which he [or she] is elected and until his [or her] successor has been elected and qualified." As the trustees had not elected any successor directors prior to the petitioners' requests for a special meeting of the board in 2007 and 2008, those requests were properly made during the petitioners' terms of office (*see* Business Corporation Law § 703 [b]). Furthermore, although there is a dispute in the Surrogate's Court as to who shall serve as trustees to the trust, the respondent has not made an application challenging the propriety of the June 2006 board election, and thus will not now be heard to complain that such election was invalid on the ground that the trustees, himself included, were acting without authority (*see Matter of Hellenic Cultural Circle v Kotsilimbas*, 35 NY2d 814 [1974]). Accordingly, as members of the board of directors, the petitioners made written requests upon the respondent to call a special meeting of the board in accordance with the corporation's bylaws, and thus demonstrated a clear legal right to relief in the nature of a writ of mandamus, compelling the respondent to call a special meeting of the board of directors (*see generally Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d at 16). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.