■ In the Matter of THOMAS KLOS, Appellant, v TIMOTHY ANDREW BURNS, Respondent. [902 NYS2d 410]—In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), dated June 8, 2009, which prohibited the petitioner from filing any petitions seeking an order of protection against the respondent based on the same allegations contained in the petitions that the petitioner previously filed under Family Court docket numbers O-1127-09, O-1127-09/09A, and O-4820-09.

Ordered that the appeal is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order of the Family Court in a family offense proceeding, and leave to appeal has not been granted (*see* Family Ct Act § 1112 [a]; *Matter of Campbell v Desir*, 251 AD2d 402, 403 [1998]). Fisher, J.P., Santucci, Miller and Lott, JJ., concur.

■ In the Matter of KAREEM LEE, Petitioner, v ALAN D. MARRUS, Respondent. [902 NYS2d 411]—Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Alan D. Marrus, a Justice of the Supreme Court, Kings County, in effect, to vacate an order in an underlying case entitled *People v Lee,* Indictment No. 5957/03, in the Supreme Court, Kings County, dated September 2, 2008, denying the petitioner's motion, inter alia, to be resentenced, and to grant the motion, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Prudenti, P.J., Rivera, Balkin and Chambers, JJ., concur.