■ In the Matter of NEW YORK STATE COMMISSION OF CORRECTION, Respondent, v TIMOTHY B. HOWARD, Individually and in His Capacity as Sheriff of Erie County, Appellant. [917 NYS2d 488]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 30, 2010 in a proceeding pursuant to CPLR article 4. The judgment granted the petition pursuant to Correction Law § 46 (4) to compel respondent to comply with various regulations.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the 8th, 9th, and 15th decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this special proceeding seeking "an [o]rder pursuant to [a]rticle 4 of the CPLR and . . . Correction Law [§ ] 46 (4)" directing respondent to comply with certain regulations applicable to the management of county jails and penitentiaries (*see generally* 9 NYCRR subtit AA, ch I), and respondent appeals from a judgment granting the petition. We agree with respondent that Correction Law § 46 (4) provides for relief in the nature of mandamus to compel and thus the procedural requirements of CPLR article 78 are applicable to a special proceeding seeking relief pursuant to Correction Law § 46. Respondent contends that, pursuant to CPLR article 78, petitioner must establish that it has "a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). We conclude, however, that Correction Law § 46 (4) grants petitioner a clear legal right to an order directing respondent to comply with regulations

promulgated by petitioner based on petitioner's determination that respondent, after being afforded an opportunity for remediation, failed to comply with those regulations. Nevertheless, we agree with respondent that Supreme Court erred in granting those parts of the petition directing respondent to comply with 9 NYCRR 7006.7 (b) and (c) and 7032.4 (d). Petitioner determined that respondent was in compliance with those regulations prior to commencing this proceeding and the investigations with respect to those alleged violations were closed (*see generally Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York*, 229 AD2d 286, 291 [1997], *lv denied* 90 NY2d 807 [1997]). We therefore modify the judgment accordingly.

We reject respondent's contention that the standards for town and village lockups (*see generally* 9 NYCRR subtit AA, ch IV), rather than the standards for county jails and penitentiaries (*see generally* 9 NYCRR subtit AA, ch I), should have been applied to arrested persons awaiting arraignment in respondent's custody. Pursuant to Correction Law § 500-a (2-b), the facilities controlled by respondent, i.e., the Erie County Holding Center and the Erie County Correctional Facility, may "be used for the detention of persons under arrest being held for arraignment," and such persons are lawfully committed to the custody of respondent as if they had been judicially committed (§ 500-c [9]). We therefore conclude that the standards for county jails and penitentiaries are properly applied to all persons lawfully committed to those Erie County facilities regardless of arraignment status. Present—Scudder, P.J., Centra, Carni, Sconiers and Gorski, JJ.