# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**185**

**CA 10-01125**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF NEW YORK STATE COMMISSION OF
CORRECTION, PETITIONER-RESPONDENT,

|   |   |
|---|---|
| V | MEMORANDUM AND ORDER |

TIMOTHY B. HOWARD, INDIVIDUALLY AND IN HIS
CAPACITY AS SHERIFF OF ERIE COUNTY,
RESPONDENT-APPELLANT.

---

CHERYL A. GREEN, COUNTY ATTORNEY, BUFFALO, PHILLIPS LYTLE LLP (TIMOTHY
W. HOOVER OF COUNSEL), FOR RESPONDENT-APPELLANT.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL),
FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated judgment and order) of the
Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 30,
2010 in a proceeding pursuant to CPLR article 4.  The judgment granted
the petition pursuant to Correction Law § 46 (4) to compel respondent
to comply with various regulations.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the 8th, 9th, and 15th
decretal paragraphs and as modified the judgment is affirmed without
costs.

Memorandum:  Petitioner commenced this special proceeding seeking
"an [o]rder pursuant to [a]rticle 4 of the CPLR and . . . Correction
Law [§] 46 (4)" directing respondent to comply with certain
regulations applicable to the management of county jails and
penitentiaries (*see generally* 9 NYCRR subtit AA, ch I), and respondent
appeals from a judgment granting the petition.  We agree with
respondent that Correction Law § 46 (4) provides for relief in the
nature of mandamus to compel and thus the procedural requirements of
CPLR article 78 are applicable to a special proceeding seeking relief
pursuant to Correction Law § 46.  Respondent contends that, pursuant
to CPLR article 78, petitioner must establish that it has "a clear
legal right to the relief sought" (*Matter of Legal Aid Socy. of
Sullivan County v Scheinman*, 53 NY2d 12, 16).  We conclude, however,
that Correction Law § 46 (4) grants petitioner a clear legal right to
an order directing respondent to comply with regulations promulgated
by petitioner based on petitioner's determination that respondent,
after being afforded an opportunity for remediation, failed to comply
with those regulations.  Nevertheless, we agree with respondent that

Supreme Court erred in granting those parts of the petition directing respondent to comply with 9 NYCRR 7006.7 (b) and (c) and 9 NYCRR 7032.4 (d).  Petitioner determined that respondent was in compliance with those regulations prior to commencing this proceeding and the investigations with respect to those alleged violations were closed (*see generally Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York*, 229 AD2d 286, 291, *lv denied* 90 NY2d 807).  We therefore modify the judgment accordingly.

We reject respondent's contention that the standards for town and village lockups (*see generally* 9 NYCRR subtit AA, ch IV), rather than the standards for county jails and penitentiaries (*see generally* 9 NYCRR subtit AA, ch I), should have been applied to arrested persons awaiting arraignment in respondent's custody.  Pursuant to Correction Law § 500-a (2-b), the facilities controlled by respondent, i.e., the Erie County Holding Center and the Erie County Correctional Facility, may "be used for the detention of persons under arrest being held for arraignment," and such persons are lawfully committed to the custody of respondent as if they had been judicially committed (§ 500-c [9]).  We therefore conclude that the standards for county jails and penitentiaries are properly applied to all persons lawfully committed to those Erie County facilities regardless of arraignment status.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court