■ In the Matter of BJORN HOLUBAR, Petitioner, v KAREN O'CONNOR et al., Respondents. [923 NYS2d 868]—Proceeding pursuant to CPLR article 78, in the nature of prohibition, inter

alia, to prohibit the respondent Francis Nicolai, a Justice of the Supreme Court, from conducting any proceedings in an action entitled Holubar v Holubar, pending in the Supreme Court, Putnam County, under index No. 2083/08, and in the nature of mandamus, inter alia, to compel Justice Nicolai to execute written orders or "so order transcripts" and to recommence a 2009 contempt proceeding against Michele Holubar.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.