■ In the Matter of NORTH FORK MANAGEMENT & MAINTENANCE, LLC, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [949 NYS2d 455]—

In a proceeding pursuant to CPLR article 78, inter alia, to review six determinations of the New York State Department of Labor, all dated March 26, 2009, that the petitioner had violated Labor Law § 902 and the imposition of civil penalties, and in

the nature of mandamus to compel the New York State Department of Labor to hold a hearing on the alleged violations, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Rebolini, J.), dated December 14, 2010, as, among other things, in effect, denied the petition and dismissed the proceeding on the merits.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

After the petitioner partially demolished six buildings located on Main Street in Smithtown, without valid permits, the Commissioner of the New York State Department of Labor (hereinafter the Commissioner) conducted an investigation and issued six separate notices of violation and orders to comply. The Commissioner determined that the petitioner violated Labor Law § 902 (1), in that it had engaged in asbestos removal projects without a valid asbestos handling license, and that it had violated Labor Law § 902 (4) in that it had permitted its employees to disturb asbestos-containing materials without valid asbestos handling certificates. The petitioner commenced this CPLR article 78 proceeding, inter alia, to compel the Department of Labor to grant its request for a formal hearing on the subject notices of violation, and to review the determinations that it had violated Labor Law § 902, as well as the penalties imposed for those violations.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. Contrary to the petitioner's contention, the Labor Law does not require the Commissioner to conduct a formal hearing before imposing a civil penalty for a violation of Labor Law § 902 (*see* Labor Law § 909).

Moreover, the Commissioner's determination that the petitioner violated Labor Law § 902 was not arbitrary and capricious and the decision to impose the maximum civil penalty for each violation was not an abuse of discretion (*see* CPLR 7803 [3]). Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.