■ In the Matter of MATTHEW R. SMITH, Petitioner, v WILLIAM J. CONDON, a Justice of the Supreme Court, Suffolk County, et al., Respondents. [18 NYS3d 359]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent William J. Condon, a Justice of the Supreme Court, Suffolk County, to vacate a judgment of conviction of the same court rendered February 8, 2013, in a criminal action entitled *People v Smith*, under indictment No. 1341-12, and application by the petitioner for poor person relief. Motion by the respondent County of Suffolk pursuant to CPLR 3211 (a) to dismiss the petition insofar as asserted against it.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion of the respondent County of Suffolk to dismiss the petition insofar as asserted against it is granted, without costs or disbursements (see CPLR 506); and it is further,

Ordered that the application for poor person relief is granted

to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied on the merits insofar as asserted against the respondents William J. Condon and Thomas J. Spota, without costs or disbursements; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought. Chambers, J.P., Hall, Duffy and Barros, JJ., concur.