■ In the Matter of Anthony Pappas, Petitioner, v Nassau County Supreme Court et al., Respondents. [62 NYS3d 810]— Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondents from committing any acts that are in violation of the United States Constitution and the New York State Constitution, and in the nature of mandamus to compel the respondent Joseph H. Lorintz, a Justice of the Supreme Court, Nassau County, to vacate a "prior restraint on free speech" and a restraint on "liquid accounts" imposed in prior orders of the Supreme Court, Nassau County.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner failed to demonstrate a clear legal right to the relief sought. Rivera, J.P., Hall, Roman and Duffy, JJ., concur.