Matter of McCray v Chun (2018 NY Slip Op 00148)





Matter of McCray v Chun


2018 NY Slip Op 00148


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-10616 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Joseph McCray, petitioner, 
v
Danny K. Chun, etc., et al., respondents.


Joseph McCray, Albion, NY, petitioner pro se.
Eric T. Schneiderman, Attorney General, New York, NY (Alisa S. Wright of counsel), for respondent Danny K. Chun.



Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the respondent Danny K. Chun, a Justice of the Supreme Court, Kings County, to determine the petitioner's motion pursuant to CPL 440.10 to vacate a judgment of that court rendered November 30, 2016, in a criminal action entitled People v McCray , commenced in the Supreme Court, Kings County, under Indictment No. 5847/15, and to dismiss the indictment, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the branch of the petition which is to compel the determination of the motion pursuant to CPL 440.10 is denied as academic, and the petition is otherwise denied on the merits and the proceeding is dismissed, without costs or disbursements.
The branch of the petition which is to compel the determination of the petitioner's motion pursuant to CPL 440.10 has been rendered academic in light of the determination of that motion in an order of the Supreme Court, Kings County, dated October 18, 2017.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner failed to demonstrate a clear legal right to the relief sought.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court