Matter of Von Maack v Baynes (2018 NY Slip Op 02181)





Matter of Von Maack v Baynes


2018 NY Slip Op 02181


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-00858 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Dorota Von Maack, petitioner,
v
Johnny Lee Baynes, etc., et al., respondents. Dorota Von Maack, Ridgewood, NY, petitioner pro se.


Kelley Drye & Warren LLP, New York, NY (Barbara E. Hoey and Damon W. Suden of counsel), for respondent Wyckoff Heights Medical Center.



Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Johnny Lee Baynes, an Acting Justice of the Supreme Court, Kings County, in effect, to proceed to trial in an action entitled Von Maack v Wyckoff Heights Medical Center , pending in the Supreme Court, Kings County, under Index No. 504150/13. Motion by the respondent Wyckoff Heights Medical Center, in effect, pursuant to CPLR 3211(a)(7) to dismiss the petition insofar as asserted against it.
Upon the papers filed in support of the motion and no papers having been submitted in opposition or in relation thereto, it is
ORDERED that the motion of the respondent Wyckoff Heights Medical Center, in effect, pursuant to CPLR 3211(a)(7) to dismiss the petition insofar as asserted against it is granted, without costs or disbursements; and it is further,
ADJUDGED that the petition is denied on the merits insofar as asserted against the respondent Johnny Lee Baynes, without costs or disbursements; and it is further,
ADJUDGED that the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court