Matter of Burton v Port Wash. Water Dist. (2019 NY Slip Op 04693)





Matter of Burton v Port Wash. Water Dist.


2019 NY Slip Op 04693


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-02211
 (Index No. 7902/16)

[*1]In the Matter of Trevor Burton, et al., respondents-appellants,
v
Port Washington Water District, appellant-respondent.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter M. Fishbein and Stephen L. Martir of counsel), for appellant-respondent.
Fredrick P. Stern, P.C., Nesconset, NY (Richard I. Scheyer of counsel), for respondents-appellants.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel, the Port Washington Water District appeals, and the petitioners cross-appeal, from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), entered December 21, 2016. The judgment, insofar as appealed from, after a hearing, granted the petition to the extent of directing the Port Washington Water District to approve the petitioners' application to replace a certain water line expeditiously once such an application was submitted, and directing the Port Washington Water District to assume the costs and responsibility for a specified portion of that water line.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the Port Washington Water District.
The cross appeal must be dismissed as abandoned, as the petitioners do not seek reversal or modification of any portion of the judgment in their brief (see Ural v Encompass Ins. Co. of Am., 158 AD3d 845). 
In 2014, the petitioners purchased real property located in Port Washington. The parcel lies within the jurisdiction of the Port Washington Water District (hereinafter the District). In 2015, the petitioners demolished the existing improvement and constructed a new residence. The District represented to the petitioners that they would need to replace an existing water service pipe at their own expense in order to obtain water service to the new residence. The petitioners did not apply for water service and then wait for a determination to be made on the application by the District in accordance with the applicable ordinances. Instead, the petitioners commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the District "to provide water service" to their parcel "by reconnecting the dwelling to the existing main at the location where it was previously connected while charging only the usual and customary charge for installing [*2]the water meter and connecting to the water main." In the judgment appealed from, the Supreme Court granted the petition to the extent of directing the District to approve the petitioners' application to replace the water line expeditiously once such an application was submitted, and directing the District to assume the costs and responsibility for a specified portion of that water line.
"Mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). Courts must be careful to avoid "the fashioning of orders or judgments that go beyond any mandatory directives of existing statutes and regulations and intrude upon the policy-making and discretionary decisions that are reserved to the legislative and executive branches" (Klostermann v Cuomo, 61 NY2d 525, 541; see Matter of Glyka Trans, LLC v City of New York, 161 AD3d 735, 739).
Pursuant to Town Law § 215, the board of commissioners of an improvement district has the right to adopt a resolution or ordinance prescribing how sewer or water connections shall be made. Here, the District's ordinances require that a property owner file an application for water supply, and provide the District with the discretion to grant, deny, or conditionally grant any application for water service. Additionally, Town Law § 198, which governs the powers of town boards with respect to improvement districts, provides that "[s]upply pipes connecting with district mains shall be installed and repaired at the property owner's expense . . . except that the town board may, by resolution, provide that that portion of a supply pipe within the bounds of a public highway shall be installed, maintained and repaired by the water district" (Town Law § 198[3]).
Here, the petitioners failed to demonstrate a clear legal right to the relief sought. The petitioners did not seek to compel the performance of a nondiscretionary, ministerial act, but instead, sought to compel a particular result (see Glyka Trans, LLC v City of New York, 161 AD3d at 739). Moreover, the Supreme Court should not have directed the District to assume any costs or responsibility for replacing a water line in the absence of a resolution from the appropriate legislative body to that effect (see Town Law § 198[3]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court