Matter of Dixon v Civil Ct. of the City of New York (2019 NY Slip Op 05402)





Matter of Dixon v Civil Ct. of the City of New York


2019 NY Slip Op 05402


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-02501
 (Index No. 507241/16)

[*1]In the Matter of Christopher D. Dixon, et al., appellants,
v
Civil Court of the City of New York, et al., respondents, Thomas M. Fitzpatrick, etc., respondent-respondent.


Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig, Jason M. Fink, and Leslie Perez-Bennie of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Seth M. Rokosky of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the respondent Thomas M. Fitzpatrick, a Judge of the Housing Part of the Civil Court of the City of New York, Kings County, to vacate an order entered in a summary proceeding, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 27, 2016. The order and judgment granted Thomas M. Fitzpatrick's motion to dismiss the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). In this case, the petitioners failed to demonstrate a clear legal right to the relief sought (see Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44). Accordingly, we agree with the Supreme Court's determination granting the motion to dismiss the petition.
The parties' remaining contentions either need not be reached in light of our determination or have been improperly raised for the first time on appeal.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court