Matter of Rowe v Crecca (2023 NY Slip Op 00667)

Matter of Rowe v Crecca

2023 NY Slip Op 00667

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-06606

[*1]In the Matter of Roger Rowe, petitioner, 
v
Andrew A. Crecca, etc., et al., respondents.

Roger Rowe, Amityville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven A. Sutro of counsel), for respondent Andrew A. Crecca.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger, sued herein as Kenneth Flickinger, pro se of counsel), respondent pro se and for respondents U.S. Bank National Association, Select Portfolio Servicing, Inc., Geraldine A. Cheverko, and Kenneth Flickinger.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky of counsel), respondent pro se and for respondents JP Morgan Chase Bank, N.A., and Kevin M. Butler.
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Andrew A. Crecca, a Justice of the Supreme Court, Suffolk County, in effect, to vacate two orders, dated May 4, 2021, and September 24, 2021, issued in an action entitled Rowe v U.S. Bank National Association, pending in that court under Index No. 610690/20. Motion by the respondents JP Morgan Chase Bank, N.A., Kevin M. Butler, and Bonchonsky & Zaino, LLP, to dismiss the petition.
Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is

DECISION, ORDER & JUDGMENT

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court