Matter of Lubrano v Morgenstern (2024 NY Slip Op 02536)

Matter of Lubrano v Morgenstern

2024 NY Slip Op 02536

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-10595

[*1]In the Matter of Giuseppe Lubrano, petitioner,
v
Esther M. Morgenstern, etc., respondent. 

Giuseppe Lubrano, Brooklyn, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Miranda R. Onnen of counsel), for respondent.

DECISION, ORDER & JUDGMENT

Proceeding pursuant to CPLR article 78, in effect, inter alia, in the nature of mandamus to compel the respondent, Esther M. Morgenstern, a Justice of the Supreme Court, Kings County (IDV Part), to vacate an order dated October 4, 2023, issued in an action entitled Lubrano v Lubrano , pending in that court under Index No. 550642/20, and to recuse herself from presiding over that action, and application by the petitioner for poor person relief. Motion by the respondent pursuant to CPLR 3211(a) to dismiss the petition, inter alia, for failure to state a cause of action.
Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ORDERED that the motion pursuant to CPLR 3211(a) to dismiss the petition is granted; and it is further,
ADJUDGED that the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to state a cause of action for relief in the nature of mandamus.
BARROS, J.P., CHRISTOPHER, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court