Matter of DeFreitas v Senft (2024 NY Slip Op 03747)

Matter of DeFreitas v Senft

2024 NY Slip Op 03747

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-01490 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Russell DeFreitas, petitioner,
v
Anthony Senft, etc., et al., respondents. Russell DeFreitas, Riverhead, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Stephanie Costa of counsel), for respondent Anthony Senft.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent Jacob Kubitz.

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Anthony Senft, a Justice of the Supreme Court, Suffolk County, to hear and determine a motion pursuant to CPL 30.30 and to assign new counsel to represent the petitioner in an action entitled People v DeFreitas , pending in the Supreme Court, Suffolk County, under Indictment No. 71385/23, and application by the petitioner for poor person relief. Motion by the respondent Jacob Kubitz pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against him, inter alia, for failure to state a cause of action.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion by the respondent Jacob Kubitz pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against him is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court