Matter of Lubrano v Clarke (2025 NY Slip Op 01809)

Matter of Lubrano v Clarke

2025 NY Slip Op 01809

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-09228 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Giuseppe Lubrano, petitioner,
v
Sharon Bourne Clarke, etc., et al., respondents. Giuseppe Lubrano, Brooklyn, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Miranda Onnen of counsel), for respondent Sharon Bourne Clarke.
Kaufman Dolowich LLP, Woodbury, NY (Jason M. Myers and Adam Nicolazzo of counsel), for respondent Raquel Vasserman.

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Sharon Bourne Clarke, a Justice of the Supreme Court, Kings County, to void the sale of certain real property, to provide information regarding certain alleged communications with the respondent Raquel Vasserman, and to hold a hearing regarding any such communications, and application by the petitioner for a waiver of costs, fees, and expenses. Motion by the respondent Raquel Vasserman pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against her, inter alia, for failure to state a cause of action.
Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
DUFFY, J.P., WARHIT, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court