Matter of Kane v Knipel (2025 NY Slip Op 03327)

Matter of Kane v Knipel

2025 NY Slip Op 03327

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2025-03568 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Nickie Kane, petitioner, 
v
Lawrence Knipel, etc., et al., respondents. Nickie Kane, South Richmond Hill, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondents.

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents Lawrence Knipel and Genine Edwards, Justices of the Supreme Court, Kings County, to issue a ruling on certain motions filed by the petitioner, and application by the petitioner for a waiver of costs, fees, and expenses. Motion by petitioner, inter alia, to extend the time to serve the respondents.
Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,
ORDERED that the motion is denied as academic in light of the determination of the petition.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The petitioner's remaining contentions are without merit.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court