Matter of Riles v Singer

2026 NY Slip Op 02275

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sterling Riles, petitioner,

v

Conrad D. Singer, etc., et al., respondents. Sterling Riles, Spring, TX, petitioner pro se.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2026-00815 DECISION, ORDER & JUDGMENT

Mark C. Dillon, J.P.

Paul Wooten

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Letitia James, Attorney General, New York, NY (James Cooney of counsel), for respondent Conrad D. Singer.

Feldman Law Firm, P.C., Lake Success, NY (Adam J. Feldman of counsel), for respondent LCF Group, Inc.

[*1]

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Conrad D. Singer, a Justice of the Supreme Court, Nassau County, to enter an order dismissing an underlying civil action entitled LCF Group, Inc. v Boos Hawg Trucking Logistics, LLC, pending in that court under Index No. 623205/24, and application by the petitioner for a waiver of costs, fees, and expenses. Motion by the respondent LCF Group, Inc., in effect, pursuant to CPLR 3211(a) to dismiss the petition insofar as asserted against it, inter alia, for failure to state a cause of action.

Upon the petition, and the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the application for a waiver of costs, fees, and expenses is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,

ORDERED that the motion is denied as academic in light of the determination of the petition.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.

DILLON, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court