■ In the Matter of GAIL SOBEL et al., Petitioners, v HOPE ZIMMERMAN et al., Respondents. [941 NYS2d 883]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Hope Zimmerman, a Justice of the Supreme Court, Nassau County, from taking any further action in connection with a proceeding entitled *Matter of Lew v Sobel*, pending in the Supreme Court, Nassau County, under index No. 8596/03, and in the nature of mandamus to compel

the respondent Hope Zimmerman to appoint an attorney for the parties' children.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.