■ In the Matter of STEPHEN T. MITCHELL, Petitioner, v PATRICIA DiMANGO et al., Respondents. [954 NYS2d 459]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondents from proceeding with an underlying criminal prosecution entitled *People v Mitchell*, pending in the Supreme Court, Kings County, under indictment No. 4743/2010, and in the nature of mandamus to compel the respondents to allow him to subpoena certain information, and application to waive the filing fee imposed by CPLR 8022 (b).

Ordered that the application to waive the filing fee imposed by CPLR 8022 (b) is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.