■ In the Matter of RAYMOND WALKER, Petitioner, v ERIC T. SCHNEIDERMAN et al., Respondents. [957 NYS2d 879]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the prosecution of the petitioner in a criminal action entitled People v Walker, commenced against the petitioner in the Supreme Court, Queens County, under indictment No. 425/12, and, in effect, in the nature of mandamus to release the petitioner from confinement and to vacate indictment No. 425/12, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its

authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.