Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Julie Maya StoilFernandez, the guardian of the guardianship estate of Linda Bankhead, to prepare and file a final accounting of that guardianship estate in connection with a proceeding entitled Matter of Bankhead, commenced pursuant to Mental Hygiene Law article 81 in the Supreme Court, Kings County, under index No. 100270/03, to recuse the respondent Yvonne Lewis, a Justice of the Supreme Court, Kings County, from presiding over that *792 proceeding, to compel the respondent Julie Maya StoilFernandez to return the sum of $70,000 to the guardianship estate of Linda Bankhead, to compel the removal of the respondent Julie Maya Stoil-Fernandez as the guardian of the guardianship estate of Linda Bankhead, and to compel the distribution of the assets of the estate of the decedent Linda Bankhead in connection with an administration proceeding entitled Matter of Bankhead, commenced in the Surrogate’s Court, Kangs County, under file No. 573/12, and in the nature of prohibition to prohibit the respondent Julie Maya StoilFernandez from accessing or handling the assets of the estates of Linda Bankhead, and application by the petitioner for poor person relief.
Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,
Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought.
“Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]). The petitioner failed to establish a clear legal right to relief in the nature of prohibition. Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.