■ In the Matter of EDUARDO VIAS, Petitioner, v ROBERT J. COLLINI et al., Respondents. [981 NYS2d 618]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Robert J. Collini, an Acting Justice of the Supreme Court, Richmond County, from proceeding with a criminal action entitled *People v Vias*, pending in that court under indictment No. 135/12, and in the nature of mandamus, in effect, to compel him to direct the Richmond County Clerk's office to provide the petitioner with copies of all documents on file in connection with that criminal action, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.