— Proceeding, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Albert Tomei, a Justice of the Supreme Court, Kings County, to vacate an order of that court entered October 16, 2013, in a criminal action entitled People v Kelly, commenced in that court under indictment No. 545/11, and thereupon to reinstate an order of that court dated May 22, 2013, adjudging the petitioner to be a material witness in accordance with CPL 620.50 (2), and in the nature of prohibition to prohibit the respondent Albert Tomei from enforcing the order entered October 16, 2013.
Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]). Moreover, “[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, *964 and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]).
The petitioner has failed to establish a clear legal right to the relief sought. Dickerson, J.P, Hall, Roman and Cohen, JJ., concur.