■ In the Matter of Adam P. Morales, Petitioner, v Helene Gugerty et al., Respondents. [993 NYS2d 79]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Thomas A. Adams, a Justice of the Supreme Court, Nassau County, and the Administrative Judge of the Tenth Judicial District, Nassau County, from assigning a proceeding for a writ of habeas corpus entitled *People ex rel. Morales v Sposato*, commenced in the County Court, Nassau County, to the respondent Helene Gugerty, a Judge of the County Court, Nassau County, for hearing and determination under indictment No. 1626N/13, and to prohibit the respondent Helene Gugerty from hearing and determining the petition in that proceeding for a writ of habeas corpus, and in the nature of mandamus to compel Maureen O'Connell, the County Clerk of the County of Nassau, to assign a civil index number to that proceeding for a writ of habeas corpus, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.