■ In the Matter of HILARY BEST, Petitioner, v BARRY A. SCHWARTZ, Respondent. [12 NYS3d 569]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to pro-

hibit any proceedings under Queens County indictment No. 768/14 against the petitioner before the respondent, Barry A. Schwartz, a Justice of the Supreme Court, Queens County, and mandamus to compel the respondent to vacate a securing order against the petitioner, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.