■ In the Matter of SHRI GURU RAVIDAS SABHA OF NEW YORK, INC., et al., Petitioners, v DUANE A. HART, as a Justice of the Supreme Court, Queens County, et al., Respondents. [24 NYS3d 522]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Duane A. Hart, a Justice of the Supreme Court, Queens County, from any further involvement in certain actions pending in the Supreme Court, Queens County, with respect to the petitioner Shri Guru Ravidas Sabha of New York, Inc., and mandamus to compel the respondent Duane A. Hart to certify a general election held by that petitioner on November 23, 2014.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioners failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.