■ In the Matter of MICHAEL E. McMAHON, District Attorney, Staten Island, et al., Petitioners, v WILLIAM E. GARNETT, Acting Justice of the Supreme Court, Richmond County, Respondent. [30 NYS3d 848]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit any further proceedings in a criminal action entitled *People v Bellucci*, pending in the Supreme Court, Richmond County,

under indictment No. 384/10, and mandamus to compel the respondent, William E. Garnett, an Acting Justice of the Supreme Court, Richmond County, to order an examination of the defendant in the criminal action pursuant to CPL article 730 to determine his competency.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioners failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.