■ In the Matter of STEVEN MEARS, Petitioner, v RICHARD T. ANDRIAS, an Associate Judge of the Appellate Division, First Department, et al., Respondents. [46 NYS3d 894]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Richard T. Andrias, an Associate Justice of the Appellate Division, First Department, to grant the petitioner leave to appeal to that Court from an order of the Supreme Court, New York County, dated November 17, 2015, entered in a criminal action pending against the petitioner under Indictment No. 4854/03, and in the nature of prohibition to prohibit the Appellate Division, First Department, from preventing him from appealing, and application by the petitioner for poor person relief. By decision and order on motion dated December 15, 2016, the Appellate Division, First Department, transferred the proceeding to this Court.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.