■ In the Matter of EVERETTE WEAVER, Petitioner, v MARIA G. ROSA, a Justice of the Supreme Court, Dutchess County, Respondent. [49 NYS3d 309]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent, Maria G. Rosa, a Justice of the Supreme Court, Dutchess County, from determining a motion for a judgment of foreclosure and sale made by the plaintiff in an action entitled *CIT Bank, N.A. v Weaver*, pending under Dutchess County index No. 83/14, and in the nature of mandamus to compel the respondent to refer certain matters to William V. Grady, District Attorney, Dutchess County, for investigation. Motion by the respondent to dismiss the proceeding on the ground, among others, that she was not properly served.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). Moreover, "[b]ecause of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

The petitioner has failed to establish a clear legal right to the relief sought. Cohen, J.P., Maltese, LaSalle and Barros, JJ., concur.