■ In the Matter of QUIANA JONES, Petitioner, v DEBORAH DOWLING, a Justice of the Supreme Court, Kings County, et al., Respondents. [49 NYS3d 305]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit Deborah Dowling, a Justice of the Supreme Court, Kings County, from enforcing a temporary order of protection dated September 23, 2016, and to compel that Justice to issue a new temporary order of protection, and for a judgment declaring that temporary orders of protection issued by the Supreme Court are subject to subsequent orders of the Family Court.

Adjuged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to demonstrate a clear legal right to the relief sought. In addition, the petitioner cannot seek declaratory relief in a CPLR article 78 proceeding (*see* CPLR 3017). Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.