Proceeding pursuant to CPLR article 78, in the nature of mandamus, inter alia, to compel the respondents Catherine M. Bartlett, an Acting Justice of the Supreme Court, Orange County, and Alan D. Sheinkman, the Administrative Judge for the Ninth Judicial District, to so-order the minutes of a May-23, 2017, conference in an underlying action entitled Pochat v Stone pending in the Supreme Court, Orange County, under index No. 2118/17, and in the nature of prohibition, inter alia, to reverse discovery rulings made during that conference by the respondent Catherine M. Bartlett, and to direct the recusal of that respondent from that action.
 

 Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
 

 “Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]).
 

 The petitioner Sheri Ann Pochat failed to demonstrate a clear legal right to the relief sought.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.