Matter of Betty Y. v Brennan (2018 NY Slip Op 05322)





Matter of Betty Y. v Brennan


2018 NY Slip Op 05322


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SANDRA L. SGROI, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09548

[*1]In the Matter of Betty Y. (Anonymous), petitioner,
v
Michael J. Brennan, etc., et al., respondents.


Mental Hygiene Legal Service, Mineola, NY (Arthur A. Baer of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Matthew Lawson of counsel), for respondent Ann Marie T. Sullivan, Commissioner of the New York State Office of Mental Health.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, David C. Kelly, Ann Bordley, and Avshalom Yotam of counsel), respondent pro se.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Honorable Michael J. Brennan, a retired Justice of the Supreme Court, Kings County, to amend an order dated March 24, 2016, issued in an underlying action entitled People v Y. (Anonymous), pending in the Supreme Court, Kings County, under Indictment No. 3096/12, and in the nature of prohibition to prohibit the enforcement of the order dated March 24, 2016.
ADJUDGED that the petition is denied and the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Legal Aid Soc'y of Sullivan County, Inc. v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner failed to demonstrate a clear legal right to the relief sought.
SGROI, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court