Matter of Wilson v Kings County Dist. Attorney (2018 NY Slip Op 06021)





Matter of Wilson v Kings County Dist. Attorney


2018 NY Slip Op 06021


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-05041

[*1]In the Matter of Shamduh Wilson, petitioner,
v
Kings County District Attorney, et al., respondents. Shamduh Wilson, Attica NY, petitioner pro se.


Barbara D. Underwood, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent Vincent Del Giudice.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Vincent Del Giudice, a Justice of the Supreme Court, Kings County, to decide the petitioner's pro se motion to dismiss Kings County Indictment No. 1651/18 in an underlying action entitled People of the State of New York v Wilson , and in the nature of prohibition to preclude Justice Del Giudice and the respondent Kings County District Attorney from proceeding on the indictment until the petitioner's pro se motion is decided.
ADJUDGED that the petition is denied and the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief cought (see Legal Aid Soc'y of Sullivan County, Inc. v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there exists a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act wither without jurisdiction or in excess of its authorized powers" (Matter of Holtzma n v Goldman, 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner failed to demonstrate a clear legal right to the relief sought.
MASTRO, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court