Matter of Perlman v Adams (2019 NY Slip Op 00603)





Matter of Perlman v Adams


2019 NY Slip Op 00603


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-13803

[*1]In the Matter of Joseph Yerachmiel Perlman, petitioner,
v
Rachel Amy Adams, etc., et al., respondents.


Joseph Yerachmiel Perlman, Brooklyn, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Elizabeth A. Figueira of counsel), for respondent Rachel Amy Adams.
Eli Yeger, Brooklyn, NY, for respondent Miriam S. Perlman.
Cheryl S. Solomon, Brooklyn, NY, respondent pro se.
Ira J. Forman, Brooklyn, NY, attorney for the child Samuel P.
Steven S. London, Brooklyn, NY, attorney for the child Solomon P.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel Rachel Amy Adams, a Justice of the Supreme Court, Kings County, to issue certain orders in an action entitled Perlman v Perlman , commenced in the Supreme Court, Kings County, under Index No. 51552/09, and in the nature of prohibition to prohibit that Justice from proceeding with a hearing in that action until all discovery has been completed.
ADJUDGED that the petition is denied and the proceeding is dismissed, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioner failed to demonstrate a clear legal right to the relief sought.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court