Matter of Ates v Crecca (2019 NY Slip Op 03330)





Matter of Ates v Crecca


2019 NY Slip Op 03330


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-00825

[*1]In the Matter of Murat Ates, petitioner, 
v
Andrew Crecca, etc., et al., respondents. Murat Ates, Port Jefferson, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the enforcement of an order of the respondent H. Patrick Leiss III, a Justice of the Supreme Court, Suffolk County, dated October 31, 2018, and to compel the respondents to pay a certain sum to the petitioner, and for declaratory relief.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner failed to demonstrate a clear legal right to the relief sought. In addition, the petitioner cannot seek declaratory relief in a CPLR article 78 proceeding (see CPLR 3017).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court