Matter of Kattis v Cohen (2019 NY Slip Op 07889)





Matter of Kattis v Cohen


2019 NY Slip Op 07889


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-04280 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Christopher Kattis, petitioner,
v
Mark Cohen, etc., et al., respondents. Christopher Kattis, Gouverneur, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Carly Weinreb of counsel), for respondents Mark Cohen and Robert McDonald.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), respondent pro se.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Jared A. Chester of counsel), respondent pro se.



Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent Mark Cohen, a Justice of the Supreme Court, Suffolk County, from taking further action in a criminal action entitled People v Kattis , commenced in the Supreme Court, Suffolk County, under Indictment No. 1866/16, and to prohibit the respondent Robert McDonald, a Justice of the Supreme Court, Nassau County, from taking further action in a criminal action entitled People v Kattis , commenced in the Supreme Court, Nassau County, under Indictment No. 1512/16, and application by the petitioner for poor person relief.
ORDERED that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner failed to demonstrate a clear legal right to the relief sought.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court