Matter of Taffet v Cozzens (2020 NY Slip Op 00149)





Matter of Taffet v Cozzens


2020 NY Slip Op 00149


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-11373 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Jordan Taffet, petitioner,
v
R. Bruce Cozzens, Jr., etc., et al., respondents; Cecilia Vega, et al., nonparty-respondents. Jordan Taffet, Rockville Centre, NY, petitioner pro se. Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondents.


Jacobson & Schwartz, LLP (Henry J. Cernitz of counsel), for nonparty-respondents.



Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondents R. Bruce Cozzens, Jr., and Sharon M.J. Gianelli, Justices of the Supreme Court, Nassau County, in effect, from enforcing certain orders issued by them in an underlying civil action, and to compel the respondent Sharon M.J. Gianelli to restore that action to her calendar, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court