Matter of Garcia v Knipel (2022 NY Slip Op 00660)





Matter of Garcia v Knipel


2022 NY Slip Op 00660


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-07653

[*1]In the Matter of Yvette Garcia, et al., petitioners,
v
Lawrence S. Knipel, etc., respondent.


Mobilization For Justice, Inc., New York, NY (Tiffany A. Liston, Belinda Luu, and Michael Litrownik of counsel), for petitioners.
Eileen D. Millett, New York, NY (Pedro Morales of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 in the nature of mandamus and, in effect, prohibition, inter alia, to compel the respondent, Lawrence S. Knipel, a Justice of the Supreme Court, Kings County, to comply with the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020, chapter 417 of the Laws of 2021, and Administrative Order 262/21 of the Chief Administrative Judge of the Courts, and to prohibit the respondent from requiring certain appearances in residential mortgage foreclosure actions and from holding nonappearing defendants in default.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The petitioners have failed to demonstrate a clear legal right to the relief sought.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court