Matter of Chambers v Kirschner (2023 NY Slip Op 06247)

Matter of Chambers v Kirschner

2023 NY Slip Op 06247

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-06931 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Koran Chambers, petitioner,
v
David J. Kirschner, etc., et al., respondents. Koran Chambers, Saint Albans, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Anjali Bhat of counsel), for respondent David J. Kirschner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Alexander Vidal of counsel), respondent pro se.

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of prohibition to prohibit the respondents from proceeding with the prosecution of the petitioner in a criminal action entitled People v Chambers , pending in the Supreme Court, Queens County, under Indictment No. 73253/22, and, in effect, in the nature of mandamus to compel the dismissal of the indictment, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court