Matter of Desir v Quinlan (2024 NY Slip Op 03749)

Matter of Desir v Quinlan

2024 NY Slip Op 03749

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-03727

[*1]In the Matter of Marc Desir, petitioner,
v
Robert F. Quinlan, etc., respondent. Marc Desir, Bay Shore, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of prohibition to prohibit the respondent, Robert F. Quinlan, a Justice of the Supreme Court, Suffolk County, from acting in excess of his authority in an action entitled U.S. Bank National Association v Desir , pending in the Supreme Court, Suffolk County, under Index No. 617967/18, and from presiding over that action, and in the nature of mandamus to compel the respondent, Robert F. Quinlan, to vacate a judgment of foreclosure of sale entered in that action and to dismiss the complaint in that action.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court