Matter of Blake v Wang (2024 NY Slip Op 06196)

Matter of Blake v Wang

2024 NY Slip Op 06196

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CARL J. LANDICINO
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-08751 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Isaiah Blake, petitioner,
v
Frances Y. Wang, etc., respondent. Isaiah Blake, East Elmhurst, NY, petitioner pro se.

Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent.

Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to "reverse" an order of the Supreme Court, Queens County (Frances Y. Wang, J.), dated June 24, 2024, in an underlying action entitled People v Blake , pending in the Supreme Court, Queens County, under Indictment No. 72793/23, and in the nature of prohibition to prohibit the enforcement of the order dated June 24, 2024, and application by the petitioner for poor person relief.
ORDERED that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352).
The petitioner has failed to demonstrate a clear legal right to the relief sought.
BRATHWAITE NELSON, J.P., LANDICINO, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court