Matter of Rowe v Torres (2025 NY Slip Op 05242)

Matter of Rowe v Torres

2025 NY Slip Op 05242

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CARL J. LANDICINO
JAMES P. MCCORMACK
PHILLIP HOM, JJ.

2025-04526

[*1]In the Matter of Roger Rowe, et al., petitioners,
v
Betsy Heckman Torres, etc., et al., respondents.

Letitia James, Attorney General, New York, NY (Elizabeth A. Figueira of counsel), for respondents Betsy Heckman Torres, Stephen L. Ukeiley, Julianne T. Capetola, Christopher T. McGrath, William A. Hohauser, Thomas A. Adams, Norman A. Sammut, C. Stephen Hackeling, John H. Rouse, and James F. Matthews.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent 67 Park Lane Holding Corp.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent Bank of America.
Akerman, LLP, New York, NY (Jordan M. Smith and Chadwick Devlin of counsel), for respondents Bank of New York Mellon and Specialized Loan Servicing.
Roger Rowe, Massapequa, NY, petitioner pro se.

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents Betsy Heckman Torres and C. Stephen Hackeling, Justices of the Supreme Court, Suffolk County, Julianne T. Capetola and Christopher T. McGrath, Justices of the Supreme Court, Nassau County, Stephen L. Ukeiley and James F. Matthews, Judges of the District Court, Suffolk County, William A. Hohauser and Norman A. Sammut, Judges of the District Court, Nassau County, John H. Rouse, a retired Justice of the Supreme Court, Suffolk County, and Thomas A. Adams, a retired Justice of the Supreme Court, Nassau County, to comply with CPLR 5239 and 6221, in the nature of prohibition to prohibit the respondents Betsy Heckman Torres and C. Stephen Hackeling, Justices of the Supreme Court, Suffolk County, Julianne T. Capetola and Christopher T. McGrath, Justices of the Supreme Court, Nassau County, Stephen L. Ukeiley and James F. Matthews, Judges of the District Court, Suffolk County, William A. Hohauser and Norman A. Sammut, Judges of the District Court, Nassau County, John H. Rouse, a retired Justice of the Supreme Court, Suffolk County, Thomas A. Adams, a retired Justice of the Supreme Court, Nassau County, Errol D. Toulon, Jr., and Anthony J. LaRocco from acting in excess of their authority, and for declaratory relief and a money judgment against the respondents Specialized Loan Servicing, Bank of New York Mellon, Bank of America, DBW TL Holdco 2016, LLC, Irwin Equites, LLC, 1050 Hasting, LLC, 67 Park Lane Holding Corp, Citigroup Mortgage Loan Trust, Inc., and Globus Solutions, Inc. Motion by the respondent 67 Park Lane Holding Corp, inter alia, to dismiss the petition insofar as asserted against it on the ground that it is not a proper party to the proceeding and the petition fails to state a claim upon which relief can be granted. Motion by the respondent Bank of America, inter alia, to dismiss the petition insofar as asserted against it on the ground that it is not a proper party to the proceeding and the petition fails to state a claim upon which relief can be granted. Motion by the respondents Bank of New York Mellon and Specialized Loan Servicing, [*2]inter alia, to dismiss the petition insofar as asserted against them on the ground that they are not proper parties to the proceeding and the petition fails to state a claim upon which relief can be granted.
Upon the petition, and the papers filed in support of the motions and the papers filed in opposition thereto, it is
ORDERED that those branches of the separate motions of the respondent 67 Park Lane Holding Corp, the respondent Bank of America, and the respondents Bank of New York Mellon and Specialized Loan Servicing which are to dismiss the petition insofar as asserted against each of those respondents on the ground that they are not proper parties to the proceeding and the petition fails to state a claim upon which relief can be granted are granted, and the motions are otherwise denied; and it is further,
ADJUDGED that the petition insofar as purportedly asserted by the petitioners Bibi Ramzan, Khakan Ramzan, Natasha Samaroo, Charles Cruz, Karen Vazquez, and Lisa C. Cruz is dismissed pursuant to Judiciary Law § 487 on the ground that the petitioner Roger Rowe does not allege that he is authorized to act on behalf of the petitioners Bibi Ramzan, Khakan Ramzan, Natasha Samaroo, Charles Cruz, Karen Vazquez, and Lisa C. Cruz or that he otherwise has the capacity to commence this proceeding on behalf of the petitioners Bibi Ramzan, Khakan Ramzan, Natasha Samaroo, Charles Cruz, Karen Vazquez, and Lisa C. Cruz; and it is further,
ADJUDGED that the petition is otherwise denied and the proceeding is otherwise dismissed on the merits, without costs or disbursements.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman , 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352).
The petitioner Roger Rowe has failed to demonstrate a clear legal right to the relief sought.
The petitioner Roger Rowe's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., LANDICINO, MCCORMACK and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court