Matter of William Jennings v Wilutis (2025 NY Slip Op 07385)

Matter of William Jennings v Wilutis

2025 NY Slip Op 07385

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2025-10547

[*1]In the Matter of William Jennings, petitioner,
vKaren M. Wilutis, etc., et al., respondents.

Zuckerman Legal Group, New York, NY (Seth J. Zuckerman of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Matthew W. Henry of counsel), for respondent Karen M. Wilutis.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), respondent pro se.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of prohibition to prohibit the respondent Karen M. Wilutis, a Judge of the County Court, Suffolk County, from vacating the petitioner's plea agreement of April 7, 2025, in a criminal action entitled People v Jennings , pending in the County Court, Suffolk County, under S.C.I. No. 71095/25, and, in effect, in the nature of mandamus to compel the respondent Karen M. Wilutis to sentence the petitioner in accordance with the plea agreement of April 7, 2025.
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman , 71 NY2d 564, 569; see Matter of Rush v Mordue , 68 NY2d 348, 352). The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of 
Sullivan County v Scheinman , 53 NY2d 12, 16). The petitioner has failed to demonstrate a clear legal right to the relief sought.
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court